UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

WILLIAM CRUZ,

                                                Plaintiff,

            -against-

THE CITY OF NEW YORK, POLICE OFFICER LUIS
RIOS (shield # 29348), POLICE OFFICER GREGORY
HERNANDEZ (shield # 26400), POLICE OFFICER
MARTINEZ, POLICE OFFICER JOHN DOES 1-5,

                                                Defendants.

**COMPLAINT**

14 CV 1199 (AT)

Jury Trial Demanded

------------------------------------------------------------------------ x

        Plaintiff WILLIAM CRUZ, by his attorney RICHARD CARDINALE, alleges as follows:

## PRELIMINARY STATEMENT

        1.      This is a civil rights action in which plaintiff alleges that the City of New York and several New York City Police Officers of the 49th Precinct violated his rights under 42 U.S.C. § 1983 and the First, Fourth and Fourteenth Amendments to the United States Constitution by violating his right to free speech, using unreasonable force on him and denying him medical treatment for a serious medical need.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

        2.      This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## PARTIES

5. Plaintiff is a resident of the State of New York, County of Bronx.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

## STATEMENT OF FACTS

8. During the evening of June 20, 2011, plaintiff was walking from his place of employment in the Bronx to visit his children who lived with their mother on Cruger Avenue in the Bronx.

9. At approximately 9:15 p.m., when plaintiff was walking in the vicinity of White Plains Road and Mead Street in the Bronx, Police Officers Luis Rios, Gregory Hernandez and "John" Martinez of the 49th Precinct of the NYPD approached plaintiff and an individual named "Allen" who plaintiff stopped to speak with and seized and frisked the two men.

10. Plaintiff complained to defendants that they were harassing him without justification.

11. In response to plaintiff's exercise of free speech, defendants Rios, Hernandez and Martinez, along with the other defendant officers who responded to the scene, used unnecessary force on plaintiff.

12. Defendants then arrested plaintiff and "Allen."

13. Plaintiff continued to exercise free speech by complaining to defendants about their misconduct.

14. In response to plaintiff's continued exercise of free speech, defendants, acting in concert, unreasonably slammed plaintiff into a gate, tackled plaintiff to the ground, punched and kicked plaintiff, struck plaintiff with batons, pushed a knee into plaintiff's face while plaintiff was lying on the ground, and handcuffed plaintiff excessively tight.

15. Defendants caused numerous injuries to plaintiff including a fractured skull and nose, specifically a right-sided temporoarietal skull fracture and a nondisplaced left-sided nasal bone fracture.

16. Defendants transported plaintiff to the 49th Precinct.

17. In the 49th Precinct, plaintiff requested medical care for his serious medical needs, but defendants refused to provide it.

18. In an attempt to justify defendants' use of unreasonable force, defendant Hernandez, acting in concert with the other defendants, misrepresented in police reports that plaintiff resisted arrest and fought with the defendants.

19. Defendant Hernandez also misrepresented in police reports that defendant Rios injured his hand when plaintiff's struggling caused plaintiff and Rios to fall to the ground.

20. The truth, however, is that Rios sprained his hand by unnecessarily punching plaintiff in a forceful manner.

21. After the arrest process was completed, plaintiff was taken to Bronx Central Booking where he again requested medical care.

22. In contrast to defendants, officers in Bronx Central Booking took plaintiff to Jacobi Medical Center.

23. While plaintiff was in Bronx Central Booking and/or at Jacobi Medical Center, defendant Hernandez, acting in concert with the other defendants, misrepresented to prosecutors that plaintiff resisted arrest and fought with the officers who attempted to arrest him.

24. Defendant Hernandez also misrepresented to prosecutors that plaintiff's struggling caused defendant Rios to fracture his hand, when in fact Rios suffered merely a sprain which was caused by Rios' punching of plaintiff.

25. After plaintiff was arraigned and released from custody, plaintiff returned to Jacobi Medical Center for several months for neurological care for headaches, dizziness and nausea.

26. In 2013, the criminal charges that defendants filed against plaintiff were resolved by a plea to the misdemeanor, attempted criminal possession of a weapon in the fourth degree.

27. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered a fractured skull and nose, bruising, lacerations, swelling, scratches, pain, headaches, dizziness, nausea and "garden variety" emotional distress.

## **FIRST CLAIM**

## **(VIOLATION OF PLAINTIFF'S RIGHT TO FREE SPEECH)**

(Against the Individual Defendants)

28. Plaintiff repeats the foregoing allegations.

4

29. Plaintiff exercised free speech during the incident in question by questioning defendants' actions.

30. Plaintiff's exercise of free speech was a motivating factor in defendants' decisions to use force upon plaintiff and deny him medical care.

31. Accordingly, defendants are liable to plaintiff under the First Amendment for violating plaintiff's right to free speech.

### SECOND CLAIM

### (UNREASONABLE FORCE UNDER THE FOURTH AMENDMENT)

(Against the Individual Defendants)

32. Plaintiff repeats the foregoing allegations.

33. Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain and injuries.

34. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

### THIRD CLAIM

### (DENIAL OF MEDICAL CARE UNDER THE FOURTEENTH AMENDMENT)

(Against the Individual Defendants)

35. Plaintiff repeats the foregoing allegations

36. Defendants refused to provide medical care to plaintiff in the 49th Precinct despite the fact that plaintiff was suffering from a serious medical need.

37. Accordingly, the defendants are liable to plaintiff under the Fourteenth Amendment for denying plaintiff medical care.

## FOURTH CLAIM

### (FAILURE TO INTERVENE)

(Against the Individual Defendants)

38. Plaintiff repeats the foregoing allegations.

39. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments, but they failed to fulfill their constitutional obligation to intervene.

40. Accordingly, the defendants are liable to plaintiff under the First, Fourth and Fourteenth Amendments for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## FIFTH CLAIM

### (*MONELL* CLAIM)

(Against the City of New York)

41. Plaintiff repeats the foregoing allegations.

42. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

43. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

44. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

45. At least one federal court has recognized that there is widespread falsification by members of the NYPD. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

46. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

47. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as the Court may deem just and proper.

DATED: February 24, 2014

/s/

_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391